UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO L. GUTIERREZ-PILOTO,<br><br>Petitioner,<br><br>v.<br><br>THOMAS D. HOMAN, et al.,<br><br>Respondent. | No. 2:18-cv-1637 DB<br><br><br><br>ORDER TO SHOW CAUSE |

Petitioner is a detainee of the Bureau of Immigration and Customs Enforcement ("ICE") proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner claims he is being indefinitely detained by ICE in violation of his substantive and procedural due process rights. (ECF No. 1.)

Petitioner states he was ordered removed or deported to Cuba by an Immigration Judge within the Executive Office of Immigration Review on December 7, 2017 and he is subject to a final order of deportation or removal. He claims he has been in continuous ICE custody since November 6, 2017 and he has not been issued a travel document allowing him to return to Cuba.

Petitioner alleges that his detention pursuant to 8 U.S.C. § 1231(a)(2) has exceeded the six-month presumptive period set forth in <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001), that his continued detention is no longer reasonable, that respondent has been unable to effect his removal to Cuba, that there is no significant likelihood of such removal in the "reasonably foreseeable

1

future," and therefore that his ongoing detention is indefinite and violates his substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment of the United States Constitution.

Petitioner is currently incarcerated at the Rio Consumnes Correctional Center in Elk Grove, California which is located within the Eastern District of California. Thus, this court has jurisdiction to proceed to the merits of the petition. See U.S. v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984) (Petition for writ of habeas corpus under § 2241 must be addressed to the district court in the district where appellant is confined).

Because petitioner may be entitled to relief if the claimed violations are proved, respondent will be directed to show cause why the petition should not be granted. Rule 4, Rules Governing Section 2254 Cases; see Rule1(b), Rule 11, Rules Governing Section 2254 Cases; Fed. R. Civ. P. 81(a)(2). Respondent shall include a copy of petitioner's alien file and any and all other documentation relevant to the determination of the issues raised in the petition. Rule 5 of the Rules Governing Section 2254 Cases. In the event the petitioner is released from ICE custody during the pendency of this petition, the parties shall notify the court by filing a motion to dismiss the petition or other proper pleading. Should the parties fail to notify the court that petitioner has been released, the parties may be subject to sanctions pursuant to the inherent power of the court to issue sanctions in appropriate cases. See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent shall show cause in writing within forty-five days why the petition should not be granted. Petitioner may file a traverse within fourteen days of the date the return to the order to show cause is filed with the court.

2. The Clerk of the Court is directed to serve a copy of this order along with a copy of the petition on respondent.

Dated: June 19, 2018

DLB:12
DLB:1/Orders/Prisoner.Habeas/guti1637.osc

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

2