UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO L. GUTIERREZ-PILOTO,<br><br>Petitioner,<br><br>v.<br><br>THOMAS D. HOMAN, et al.,<br><br>Respondent. | No. 2:18-cv-1637 DB<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

Petitioner is a detainee of the Bureau of Immigration and Customs Enforcement ("ICE") proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner claims he is being indefinitely detained by ICE in violation of his substantive and procedural due process rights. (ECF No. 1.) Respondent was ordered to respond to the petition. (ECF No. 6.) Respondent filed notice that petitioner was no longer confined and requested the petition be dismissed as moot. (ECF No. 9.)

The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies." <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477 (1990). Article III requires a case or controversy in which a litigant has a personal stake in the outcome of the suit throughout all stages of federal judicial proceedings and has suffered some actual injury that can be redressed by a favorable judicial decision. <u>Iron Arrow Honor Society v. Heckler</u>, 464 U.S. 67, 70-71 (1983). A petition for writ of habeas corpus becomes moot when it no longer presents a case or

1

controversy under Article III, § 2 of the Constitution.  <u>Wilson v. Terhune</u>, 319 F.3d 477, 479 (9th Cir. 2003).

A petition for writ of habeas corpus is moot where a petitioner's claim for relief cannot be "'redressed by a favorable decision of the court issuing a writ of habaes corpus.'" <u>Burnett v. Lampert</u>, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998)).  Because the petitioner has been released, the court can provide no further relief, and will recommend that the petition be dismissed as moot.  <u>Picrin-Peron v. Rison</u>, 930 F.2d 773, 776 (9th Cir. 1991).

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a district judge to this case.

IT IS HEREBY RECOMMENDED that this action be dismissed as moot because petitioner is no longer in custody.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 13, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner.Habeas/guti1637.dism